UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ONE WEST BANK, N.A.,

                Plaintiff,

  -against-

PAUL COLE, BLOSSOM COLE, HSBC
FINANCE CORPORATION
SUCCESSOR BY MERGER TO HSBC
BANK NEVADA, NA A/S/I/T DIRECT
MERCHANTS CRT CD BANK, NEW
YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
TAMARA GUSTAVOS, JODY ANN
COLE, KADYANN COLE, PAUL COLE,
JR., TESSA COLE,

                Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-03078 (FB) (RER)

*Appearances:*
*For the Plaintiff:*
KEITH R. YOUNG, ESQ.
Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221

**BLOCK, Senior District Judge:**

      On July 17, 2015, this court granted default judgment (the "2015 Judgment") in favor of One West Bank, N.A. ("One West") and against defendant Paul Cole ("Cole") in the amount of $543,988.36, and further ordered a judgment of foreclosure and sale

as to the subject property located on Quencer road in Saint Albans, New York. The 2015 Judgment adopted Magistrate Judge Reyes' Report and Recommendation from April 17, 2015.

On November 16, 2015, One West asked Magistrate Judge Reyes to amend the 2015 Judgment because it excluded three defendants. In particular, defendants New York City Environmental Control Board ("ECB"), New York City Transit Adjudication Bureau ("TAB"), and HSBC Finance Corporation ("HSBC") were like Cole, in default.[1]

On January 19, 2016, Magistrate Judge Reyes issued an amended Report and Recommendation (the "Amended R&R") recommending that this court include the following provision in the 2015 Judgment:

> Further, with the exception of Tamara Gustavos, Jodyann Cole, Kadyann Cole, Paul Cole, Jr., and Tessa Cole, that defendants and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof.

Amended R&R at 8. The Amended R&R provided that failure to object within fourteen days of receipt would preclude appellate review. *See id.* at 13. Copies of the Amended

---

[1] Defendants John Doe, Blossom Cole, and Paul Cole were ordered dismissed on July 17, 2015. Defendants Paul Cole, Jr., Tessa Cole, Tamara Gustavos, Jodyann Cole, and Kadyann Cole were ordered dismissed on October 20, 2015.

R&R were mailed to ECB, TAB, and HSBC on January 19, 2016. To date, no objections have been filed.

A district court may correct a mistake in a judgment arising from oversight or omission "whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. Proc. 60(a). It may also modify a partial judgment. *See* Fed. R. Civ. Proc. 54(b) ("[A]ny order…that adjudicates fewer…than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court construes the Amended R&R as recommending modification of the 2015 Judgment under these provisions.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the Amended R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure to timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir.

2000).

Magistrate Judge Reyes' Amended R&R contains no error, let alone plain error. Accordingly, the Court adopts the Amended R&R without *de novo* review and directs the Clerk to amend the 2015 Judgment in accordance with the Amended R&R.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 17, 2016